IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

    v.                              :     Criminal No. DKC 94-0241

LINWOOD GRAY,                     :
DARRELL BRACEY, and
RONALD HUMPHRIES                  :

                    ----------

LINWOOD GRAY                      :

    v.                              :     Civil Action No. DKC 97-4287

UNITED STATES OF AMERICA          :

                    ----------

RONALD HUMPHRIES                  :

    v.                              :     Civil Action No. DKC 97-4288

UNITED STATES OF AMERICA          :

                    ----------

DARRELL BRACEY                    :

    v.                              :     Civil Action No. DKC 97-4289

UNITED STATES OF AMERICA          :

**MEMORANDUM OPINION**

Pending before the court are motions filed by federal inmates Linwood Gray, Ronald Humphries, and Darrell Bracey (collectively, "Petitioners") for recusal of the undersigned judge (ECF No. 287) and reconsideration of an order denying

their motion pursuant to Fed.R.Civ.P. 60(b) (ECF No. 285).   For the reasons that follow, both motions will be denied.

**I.   Background**

On February 21, 1995, following a jury trial, Petitioners were found guilty of participating in a heroin and cocaine distribution conspiracy.   Petitioners Gray and Humphries were also convicted of distribution of heroin.   Following sentencing, Petitioners collectively appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed their convictions.   Thereafter, the Supreme Court of the United States denied *certiorari*.

In December 1997, Petitioners filed separate, but nearly identical, *pro se* motions pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, that the Government: (1) knowingly introduced at trial the perjured testimony of various witnesses, and (2) obstructed justice by causing another witness, who testified before the grand jury, to be unavailable at trial, and by fabricating and/or withholding various pieces of evidence. Petitioner Gray additionally filed a motion seeking leave to conduct discovery.   By an order dated September 8, 1999, the court denied those motions.   Petitioners subsequently sought review of that decision, but the Fourth Circuit denied their requests for certificates of appealability and dismissed their appeals.   Over the next several years, Petitioners filed motions

pursuant to 28 U.S.C. § 2244, seeking permission to file successive petitions. Those motions were also denied by the Fourth Circuit.

On or about April 6, 2007, Petitioners filed a motion entitled "Joint Motion to Reinstate 28 U.S.C. § 2255 – Habeas Petitions," seeking relief pursuant to Fed.R.Civ.P. 60(b)(6). Petitioners alleged that the court's denial of their respective § 2255 petitions was "based upon material and deliberate fraud perpetrated upon the court during the trial and post-conviction proceedings." (ECF No. 272, at 1). Specifically, they argued that the Government violated their due process rights by "employing perjury[;] procuring the unavailability of a key government witness; suppressing material and exculpatory evidence; preparing and filing false affidavits by law enforcement officials; violating *Brady*, *Giglio*, *Lewis*[, and] Fed.R.Crim.P. Rule 16[;] and paying government witnesses." (*Id.*) (emphasis removed). Petitioners further claimed that the court erred by ruling on their petitions without conducting a hearing, and that if an evidentiary hearing had been held, the requested relief would have been granted. Petitioners sought "to have the prior judgment set aside and [to] be allowed to amend their prior § 2255 motions in order to have the motions determined anew." (*Id.* at 4).

By a memorandum opinion and order issued December 8, 2009, the court denied Petitioners' Rule 60(b) motion. (ECF Nos. 283, 284). To prevail on a motion under Rule 60(b), the court explained, Petitioners were required to show that (1) the motion is timely, (2) there is a meritorious defense, and (3) the opposing party would not suffer unfair prejudice by having the judgment set aside. (ECF No. 283, at 6). Additionally, under the "catch-all" provision of subsection (b)(6), which was specifically invoked by Petitioners, they were required to demonstrate "extraordinary circumstances" warranting relief. (*Id.*). The court found that Petitioners failed to establish that their motion, filed well over seven years after their § 2255 petitions were denied, was timely, and that they did "not come close to establishing 'extraordinary circumstances' sufficient to permit the reinstatement of their § 2255 petitions at this late date." (*Id*. at 11).

On December 30, 2009, Petitioners filed the pending motion for reconsideration (ECF No. 285) and, on December 21, 2010, they moved for recusal of the presiding judge (ECF No. 287).

## II. Motion for Recusal

### A. Standard of Review

Petitioners move for the court to be recused from this case pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall

4

disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The critical question presented by this subsection "is not whether the judge is impartial in fact," but rather "whether another, not knowing whether or not the judge is actually impartial, might reasonably question [her] impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied*, 526 U.S. 1137 (1999) (internal marks and citations omitted). The Fourth Circuit has thus adopted an objective standard which asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances." *Id.* (citation omitted); *see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co.*, 535 U.S. 229, 232-33 (2002) (per curiam) (reaffirming the holding of *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988), that § 455(a) requires judicial recusal "'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his interest or bias in the case"). *See also Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

**B.   Analysis**

At the outset, the court is satisfied that it may decide this motion for recusal.  Section 144 of Title 28 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

It is incumbent upon the judge against whom a § 144 affidavit is filed to rule upon the legal sufficiency of the facts alleged; indeed, "[i]t is equally [her] duty . . . to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient."  *Sine v. Local No. 992 International Brotherhood of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989).  The presiding judge is limited, however, "to a determination of whether the affidavit (1) is in compliance with the procedural requirements of [§ 144] and (2) alleges with specificity that the judge in question has a "personal bias or prejudice either against him or in favor of any adverse party."  *Wambach v. Hinkle*, No. 1:07cv714(TSE/TCB), 2007 WL 2915072, at *1 (E.D.Va. Oct. 4, 2007) (citing *Kidd v. Greyhound Lines, Inc.*, No. 3:04-CV-277, 2004 WL 3756420, at *1 (E.D.Va. Sept. 23, 2004)); *see also Sine*,

882 F.2d at 914 ("To serve as a basis for recusal under § 144, affidavits must be both 'timely and sufficient.'").

The affidavit submitted by Petitioners here fails to meet the procedural requirements of § 144. In fact, the affidavit itself is not in proper form. "An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Farm Bureau Mut. Ins. Co. v. Hammer*, 83 F.Supp. 383, 386 (D.W.D.), *rev'd on other grounds*, 177 F.2d 793 (4th Cir. 1949). Petitioners' "affidavit," by contrast, is unsworn and does not include the language required by 28 U.S.C. § 1746 for unsworn declarations. The purported affidavit is also untimely. Generally, "motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification." *Sine*, 882 F.2d at 915 (citing *Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512, 515 (4th Cir. 1974); *Chafin v. United States*, 5 F.2d 592, 595 (4th Cir.), *cert. denied*, 269 U.S. 552 (1925)). The vast majority of facts alleged by Petitioners appear to have been known to them, at the very latest, by the time the court ruled on their § 2255 motions, *i.e.*, over eleven years prior to the time they filed the instant motion. As Petitioners have provided no explanation for this extended delay, there is no basis for concluding it was occasioned by good cause. *See* 28 U.S.C. § 144.

Moreover, Petitioners' affidavit is insufficient as a matter of law.   In order to be legally sufficient to warrant recusal, the court must find that

> (i) the affidavit contains facts, and not 'conclusions and generalizations,' that are 'material and stated with particularity;' (ii) the facts would convince a reasonable person that bias exists; and (iii) the bias alleged is 'personal and extrajudicial in nature and of such a nature as would result in an opinion on the merits on some basis other than what the judge learned from participation in the case.

*Wambach*, 2007 WL 2915072, at *2 (quoting *Kidd*, 2004 WL 3756420, at *3); *see also Sine*, 882 F.2d at 914; *Hirschkop v. Virginia State Bar Ass'n*, 406 F.Supp. 721, 724-25 (E.D.Va. 1975). Petitioners have framed their affidavit in terms of ten "factual statements," eight of which allege that the undersigned committed a litany of errors at trial, sentencing, and in deciding their § 2255 petitions and Rule 60(b) motion.   "A judge's actions or experience in a case or related cases," however, "do not constitute a basis to allege personal bias." *Sine*, 882 F.2d at 915 (citing *Shaw v. Martin*, 733 F.3d 304, 308 (4th Cir. 1984)).   Thus, the majority of the allegations in Petitioners' affidavit do not relate to conduct that is personal and extrajudicial in nature.

While the remaining two allegations do allege extrajudicial bias, they are conclusory in nature and based on inadmissible

hearsay.   First, Petitioners allege that the undersigned failed "to recuse herself 'sua spont[e],' when she discovered that she would be considering rulings made by her husband . . . [a] former [Maryland] state judge . . . in establishing Bracey's sentence."   (ECF No. 287, Attach. 1, at 4).   They point to no record support, however, demonstrating that the presiding judge ever "discovered" a potential conflict with regard to Petitioner Bracey's sentencing, much less that she did so prior to imposing his sentence.   Indeed, Petitioner Bracey challenged numerous aspects of his sentence on appeal, but apparently failed to raise this issue, *see United States v. Bracey*, 104 F.3d 359 (4th Cir. 1996) (per curiam), and Petitioners have not raised this claim in any of their numerous filings throughout the extensive history of these proceedings.   Absent any indicia that the court was aware of a potential conflict at the time of sentencing, Petitioners' allegation as to what the court "discovered" is conclusory and insufficient as a matter of law.

The final allegation contained in Petitioners' purported affidavit is that the presiding judge "was in attendance at an awards party held by the prosecutors," at which "a plaque was awarded for the conviction of the petitioners."   (ECF No. 287, Attach. 1, at 5).   In support of this claim, Petitioners attach a purported letter, dated July 13, 2009, addressed to Petitioner Gray from attorney Jensen E. Barber, claiming that a "source"

had "confirmed by doing some old time snooping" that the undersigned was "frolicking with those in attendance" at "a celebratory party" for the prosecutors involved in Petitioners' case. (ECF No. 287, Attach. 1, Ex. M).[1]   Mr. Barber further advises Mr. Gray that he "will prepare and present a motion . . . which will be accompanied by my affidavit on this meritorious discovery." (*Id.*).   No such affidavit is attached to the instant motion, however.   Absent such, the purported letter is not properly authenticated and amounts to rank hearsay – indeed, hearsay upon hearsay.   Accordingly, it is incompetent to prove extrajudicial and personal bias.

In sum, because Petitioners' "affidavit" is both procedurally improper and legally insufficient, the motion for recusal need not be considered by another judge.

Petitioners' motion for recusal fails for the same reasons. Pursuant to the standard adopted by the Fourth Circuit with respect to § 455(a), the court must assess whether a reasonable observer, cognizant of all relevant information, might

---

[1] The court takes judicial notice that Mr. Barber, a long-standing member of its bar who represented Petitioners at their trial, died on September 9, 2009. Thus, independent verification of the letter's authenticity is impractical, if not impossible. Nevertheless, the fact that Petitioners were apparently in possession of it for approximately seventeen months before moving for recusal on that basis, combined with the fact that it contains unorthodox and informal language and a multitude of grammatical errors, gives rise to grave doubts as to its authenticity.

reasonably question the court's impartiality in this matter. Aside from the conclusory allegations discussed above, Petitioners have not alleged any bias or prejudice stemming from an extrajudicial source.  Thus, they have provided no basis upon which a reasonable, well-informed observer could question the court's impartiality.  Accordingly, Petitioners' motion for recusal will be denied.

## III. Motion for Reconsideration

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate

justification for not presenting the evidence during the earlier proceeding." *Id*. (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal marks omitted)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id*. (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Petitioners' motion for reconsideration does not satisfy any of the three grounds for reconsideration under Rule 59(e). More specifically, they have not identified any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would cause the court to alter its prior opinion. Indeed, the only claim they raise that is cognizable under the Rule 59(e) standard – *i.e.*, that the court improperly "reclassified" their Rule 60(b)(6) motion as brought pursuant to Rule 60(b)(3) – is based on a misunderstanding of the memorandum opinion. The court opined that their motion, although purportedly brought pursuant to Rule 60(b)(6), "would seem to fall squarely within the rubric of subsection (b)(3), in which case it would be subject to a one-year limitation period." (ECF No. 283, at 8). Nevertheless, it also determined that Petitioners' motion, brought over seven years after their § 2255 petitions, was not filed "within a reasonable time of the discovery of the [alleged] fraud," nor did it "come close to establishing 'extraordinary circumstances' sufficient to permit

12

the reinstatement of their § 2255 petitions," as required under Rule 60(b)(6).   (*Id*. at 10-11).   Thus, the court did not "reclassify" the claim, but merely demonstrated that it was untimely under either standard.

## IV.  Conclusion

For the foregoing reasons, Petitioners' motions for recusal and for reconsideration will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge